IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerome Scott Garcia, | ) | C/A No.: 3:19-1934-JMC-SVH |
| Plaintiff, | ) | |
| vs. | ) | |
| Richland County Sheriff's Department, Deputy Danny Brown, Deputy Addy Perez, Big Fish Entertainment, and Live PD Host Tom Morris, Jr., | ) | ORDER AND NOTICE |
| Defendants. | ) | |

Jerome Scott Garcia ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Richland County Sheriff's Department ("RCSD"), RCSD deputies Danny Brown and Addy Perez ("Deputies"), Live PD Host Tom Morris, Jr. ("Host"), and Live PD's producer, Big Fish Entertainment ("Producer") (collectively "Defendants"), alleging violations of his civil rights and libel. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff alleges he was sitting in his car in a Walmart parking lot on

December 16, 2017, around 8:00 p.m., when an unmarked truck with police lights parked near him. [ECF No. 1 at 8]. He asserts he exited his car and asked the officer if he could help him with anything. *Id.* He asserts the officer asked him if he was okay. *Id.* Plaintiff states he told the officer he was fine and the officer indicated he smelled marijuana. *Id.* He asserts he then noticed two cameras filming him. *Id.* Plaintiff states the officer arrested him, searched his vehicle, seized his property, and issued him a ticket. *Id.* He asserts the officers targeted him because of his California license plate. *Id.*

Plaintiff further alleges Host committed slander by referring to Plaintiff as a sovereign citizen and stating he made up his own laws. *Id.* He asserts he has been unable to gain employment since the show aired and has been falsely arrested three times by officers claiming he is a sovereign citizen. *Id.* He contends the arrests have impacted his credit. *Id.* at 7.

Plaintiff asserts violations of 25 C.F.R. § 11.404; 18 U.S.C. §§ 241, 242, and 245; the Privacy Act of 1974, 5 U.S.C. § 552(a) ("Privacy Act"); and his Fourteenth Amendment due process and equal protection rights. *Id.* at 4. He seeks monetary damages.

II. Discussion

 A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying

the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal

4

court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332, and (2) federal question pursuant to 28 U.S.C. § 1331. The allegations contained in the instant complaint do not fall within the scope of either form of the court's limited jurisdiction.

  1. Diversity

First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Plaintiff admits he and at least three of the defendants reside in South Carolina. [ECF No. 1 at 2–3, 6]. Thus, the court lacks diversity jurisdiction.

  2. Federal Question

Second, the essential allegations contained in Plaintiff's complaint are insufficient to show the case is one "arising under the Constitution, laws, or

treaties of the United States." 28 U.S.C. § 1331.

    a.  Criminal Statutes

The federal statutes Plaintiff cites are criminal statutes and do not provide private rights of action. *See Ogletree v. Vigil*, C/A No. 17-3724, 2018 WL 582391, at *2 (E.D. La. Jan. 29, 2018) (finding 25 C.F.R. § 11.404 establishes a misdemeanor criminal offense in the context of "Indian affairs" and does not provide a civil remedy); *Casey v. Orman*, C/A No. 5:08-1373, 2009 WL 2971770, at *5 (S.D.W.Va. Sept. 10, 2009) (holding 18 U.S.C. § 242 does not provide for a private cause of action and collecting cases); *Lee v. Lewis*, C/A No. 2:10-55-F, 2010 WL 5125324, at *1 (E.D.N.C. Dec. 8, 2010) (finding 18 U.S.C. § 245 does not provide for any civil cause of action).

To the extent Plaintiff is attempting to have Defendants criminally prosecuted, he does not have a constitutional right to, or a judicially-cognizable interest in, the criminal prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations.").

b. Privacy Act

Plaintiff fails to plead a cause of action under the Privacy Act. The Privacy Act "gives [federal] agencies detailed instructions for managing their records and provides for various sorts of civil relief to individuals aggrieved by failures on the Government's part to comply with the requirements." *Doe v. Chao*, 540 U.S. 614, 618 (2004). Plaintiff has not sued a federal agency or alleged a federal agency misused his personal information.

c. § 1983 Claims

Plaintiff's claims against RCSD and Deputies for constitutional violations fall under 42 U.S.C. § 1983. To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

To assert a viable § 1983 claim against a particular public official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the

Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (holding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Vinnedge*, 550 F.2d at 928 (finding for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights).

Plaintiff broadly states his due process and equal protection rights were violated, but he fails to allege exactly what Deputies did or how they violated his rights. Plaintiff never identifies the officers involved in his arrest as Deputies.

If Plaintiff is asserting he was arrested without probable cause, his recitation of the facts fails to support that claim. Plaintiff states he exited his car to talk to an officer, the officer said he smelled marijuana, Plaintiff was placed under arrest, and officers searched Plaintiff's car, seized some of his property, and issued him a ticket. [ECF No. 1 at 8]. He further states the unnamed officers targeted him because his car had California license plates.

*Id.*

It is well-established that "the odor of marijuana alone can satisfy the probable cause requirement to search a vehicle." *United States v. Morin*, 949 F.2d 297, 300 (10th Cir. 1991); *see also U.S. v. Scheetz*, 293 F.3d 175, 183–84 (4th Cir. 2002) (finding no Fourth Amendment violation where officers searched vehicle after smelling marijuana). Thus, under the alleged facts, the officers had probable cause to search Plaintiff's car and any property seized would be evidence properly seized pursuant to a lawful arrest. *See Chimel v. California*, 395 U.S. 752, 762–63 (1969) (holding that a search incident to a lawful arrest does not violate the Fourth Amendment); *United States v. Nelson*, 102 F.3d 1344, 1346 (4th Cir. 1996) (same).

In addition, Plaintiff's claims against RCSD fail because RCSD is not a person. Only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." *See Monnell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). RCSD is a department, group of buildings, or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v.*

*City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions).

Plaintiff's conclusory assertion that Deputies targeted him because of his California license plate is not enough to state a claim under the equal protection clause. "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (internal quotations marks and alteration omitted). Thus, the Supreme Court has recognized the validity of "class of one" equal protection claims, "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*; *see also Willis v. Town of Marshall, North Carolina*, 426 F.3d 251, 263 (4th Cir. 2005) (same). Plaintiff does not allege how Deputies intentionally treated him differently from similarly situated citizens.

Accordingly, Plaintiff's federal claims are subject to summary dismissal, and he has failed to adequately plead federal question jurisdiction.

    d.  State Law Claims

Finally, insofar as Plaintiff alleges Host and Producer committed libel

and slander against him, he is asserting a state-based common law tort claim against private actors. Section 1983 actions do not encompass such claims.

Causes of action based on state law, such as libel and slander, generally may only be heard in federal court where there is diversity of citizenship among the parties or if there is supplemental jurisdiction based on other viable federal claims. *See* 28 U.S.C. § 1367 (setting parameters of supplemental jurisdiction). Because Plaintiff has not shown the court has diversity or federal question jurisdiction, Plaintiff's state law causes of action are subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by August 1, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further

amendment.

    IT IS SO ORDERED.

*Shiva V. Hodges*

July 12, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge