IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Garcia, ) | C/A No.: 3:19-1934-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Danny Brown and Addy Perez, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Jerome Garcia ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). This matter comes before the court on Plaintiff's motions: (1) to compel and for sanctions [ECF No. 48]; (2) for an extension of time to complete discovery [ECF No. 53]; and (3) for issuance of a subpoena [ECF No. 54].

I.   Motion to Compel and for Sanctions

Plaintiff moves to compel responses to his March 10, 2020 discovery request for audio and video footage of the December 16, 2017 incident that is the subject of the complaint. [ECF No. 48]. Defendant response notes that Plaintiff's discovery request was untimely, as the deadline for discovery expired on March 11, 2020. [ECF No. 52]. Additionally, counsel indicates the

body camera footage was deleted pursuant to policy on March 16, 2018. [ECF No. 49-5]. Plaintiff did not file a reply. Because Plaintiff's discovery request was untimely and because the requested discovery was deleted, Plaintiff's motion to compel is denied.

II.     Motion for Extension of Discovery Deadline and Issuance of Subpoena

Plaintiff's motions for an extension of the discovery deadline and issuance of a subpoena are related, as Plaintiff is not entitled to the issuance of a subpoena if the deadline for discovery is not extended.

Plaintiff filed his motion for an extension of the discovery deadline on May 18, 2020, over two months after the deadline expired and over three weeks after Defendants filed their motion for summary judgment. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Jordan v. E.I. du Pont de Nemours,* 867 F. Supp. 1238, 1250 (D.S.C. 1994). Plaintiff has not addressed Federal Rule of Civil Procedure 16(b), which provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). As the Fourth Circuit has explained, "after the deadlines provided by a scheduling order have passed, the good cause standard [of Federal Rule of Civil Procedure 16] must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian,* 535 F.3d 295, 298 (4th Cir. 2008). The "good cause" requirement of Rule 16(b) is unlike the more lenient standard of Rule

15(a) in that Rule 16(b) "does not focus on the bad faith of the movant, or the prejudice to the opposing party," but focuses on the diligence of the party seeking amendment. *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,* 986 F. Supp. 959, 980 (D.S.C. 1997).

Here, Plaintiff has not shown he has been diligent in seeking amendment. Although Plaintiff references the global pandemic caused by COVID-19, the discovery deadline in this case expired on March 11, 2020, prior to Governor McMaster declaring a state of emergency in South Carolina. *See* Executive Order No. 2020-08. Additionally, the scheduling order provides "All discovery requests, including subpoenas *duces tecum*, shall be served in time for the responses thereto to be served by this date." [ECF No. 21].

Because Plaintiff has not shown good cause for the extension of the discovery deadline, his motions [ECF Nos. 53, 54] are denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

May 22, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge