**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Jerome Garcia, | ) | Civil Action No.: 3:19-cv-01934-JMC |
| | ) | |
|                 Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Danny Brown and Addy Perez, | ) | |
| | ) | |
|                 Defendants. | ) | |
| | ) | |

Plaintiff Jerome Garcia, proceeding *pro se*,[1] filed the instant civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges Defendants Danny Brown and Addy Perez, both of whom are deputies with the Richland County Sheriff's Department, violated Plaintiff's constitutional rights and state law during a traffic stop and vehicle search in December 2017. (*Id.* at 7-8.) This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 49).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. In June 2020, the Magistrate Judge issued a Report and Recommendation ("Report") in which she recommended the court grant Defendants' Motion for Summary Judgment. (ECF No. 63.) Plaintiff filed Objections to the Report, which are presently before the court. (ECF No. 68.) Defendants filed a Reply to Plaintiff's Objections. (ECF No. 71.) For the reasons set forth below, the court **ACCEPTS** the

---

[1] "Because he is a pro se litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

Magistrate Judge's Report and adopts the findings therein (ECF No. 63), **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 49), and **DENIES AS MOOT** Defendants' Motion to be Excused from Mediation (ECF No. 58).

## I.     RELEVANT BACKGROUND TO PENDING MOTION

The Report sets forth the relevant facts and legal standards, which this court adopts and incorporates herein without a full recitation. Plaintiff alleges his troubles began when, while traveling to see his children, he decided to stop overnight to sleep in his vehicle in a Walmart parking lot. (ECF No. 63 at 2.) Another vehicle—which contained Deputies Brown and Perez—approached Plaintiff's location, positioning its headlights on Plaintiff's SUV.[2] (*Id.* at 3.) Defendants and Plaintiff then stepped out of their respective vehicles to speak to each other. (*Id.* at 4.) Deputy Brown smelled the odor of marijuana while standing approximately six feet from Plaintiff. (*Id.*) Thereafter, both deputies conducted a search of the vehicle, recovering marijuana and related drug paraphernalia. (*Id.* at 4-5.) Plaintiff informed the deputies that he had a medical marijuana card issued from California and such a card was purportedly recovered during the search. (*Id.*) Despite Plaintiff's pleas, Defendants issued him a citation for possession of marijuana and released him. (*Id.* at 5.) Employees from the TV show "Live PD" were present throughout this interaction. (*Id.*)

Plaintiff filed the instant action in July 2019, alleging claims under 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments, and various state law claims including negligence, gross negligence, intentional infliction of emotional distress, defamation, and a violation of his right to privacy based on the traffic stop and search. (*See* ECF No. 30 (Second Amended

---

[2] Plaintiff claims Defendants in fact approached his vehicle with "blue emergency lights" activated. (ECF No. 30 at 1.) Because of this, Plaintiff asserts he knew he "was under a custodial arrest" when he exited his SUV. (*Id.*)

Complaint).) Defendants thereafter filed a Motion for Summary Judgment. (ECF No. 49.) Plaintiff filed a Response opposing the Motion (ECF No. 55), to which Defendants replied (ECF No. 62). The Magistrate Judge subsequently submitted the Report to the court, recommending the Motion be granted. (ECF No. 63.) Plaintiff objected to the Report (ECF No. 68) and Defendants filed a Reply (ECF No. 71.) The court considers the merits of Plaintiff's Objections to the Report below.

## II.     JURISDICTION

This court has jurisdiction over this matter via 28 U.S.C. § 1331 (1980), as several claims arise under a law of the United States. Additionally, the court has supplemental jurisdiction over Plaintiff's state law claims because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 (1990).

## III.     LEGAL STANDARD

A.     The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter

with instructions. *See* 28 U.S.C. § 636(b)(1).

    B.   <u>Motion for Summary Judgment</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party in order to avoid summary judgment. *See id.* at 248.

### IV.   ANALYSIS

A.   <u>The Report and Recommendation</u>

In the Report, the Magistrate Judge suggested granting Defendants' Motion for Summary Judgment on all claims. (ECF No. 63.) The Magistrate Judge began by declining to consider Live PD video footage from the night of the incident, explaining that the parties only provided a website link to an edited video rather than properly submitting footage to the court. (*Id.* at 8-10.)

4

Specifically, "neither party . . . addressed issues of authentication, nor indicated the Federal Rules of Evidence under which a website address [could] be considered by the court for . . . resolving Defendants' motion for summary judgment." (*Id.* at 8-9.) The Magistrate Judge likewise noted Plaintiff's belief that this video was "doctored." (*Id.* at 10.)

Next, the Magistrate Judge suggested dismissing Plaintiff's Fourth Amendment claim and finding the deputies were entitled to qualified immunity. (*Id.* at 12-19.) Citing to established precedent from the United States Court of Appeals for the Fourth Circuit, the Magistrate Judge explained that Defendants did not need reasonable suspicion to first approach Plaintiff's SUV. (*Id.* at 12-13.) Although Plaintiff claimed Defendants approached his vehicle with blue emergency lights activated, the Magistrate Judge observed Plaintiff failed to submit any admissible evidence to support this assertion. (*Id.* at 13.) Once Plaintiff exited his vehicle and Deputy Brown smelled marijuana, the Magistrate Judge continued, Plaintiff was "seized" under the Fourth Amendment. (*Id.* at 14) Moreover, the Magistrate Judge found no constitutional violations related to the searches of Plaintiff's vehicle, observing "the Fourth Circuit has consistently held that the odor of marijuana alone can provide probable cause to believe that marijuana is present in a particular place," and that there was no evidence the stop was unreasonably prolonged. (*Id.* at 14-17 (citations omitted).) The fact Plaintiff was handcuffed during the second search likewise avoided any constitutional pitfalls, as the Magistrate Judge noted it was done to "maintain the status quo and protect [the deputies'] safety[.]" (*Id.* at 18 (citation omitted).) The Magistrate Judge then pointed out that, even in the light most favorable to Plaintiff, he had in fact violated South Carolina law by possessing marijuana "and Defendants could issue a citation to Plaintiff on that basis." (*Id.* at 19.)

The Magistrate Judge also examined Plaintiff's Fifth and Fourteenth Amendment Equal Protection claims, noting that only the Fourteenth Amendment applied to Defendants as state

5

actors. (*Id.* at 20.) The Magistrate Judge concluded this claim should fail because "Defendants . . . submitted undisputed evidence that Brown could not identify Plaintiff's race or gender until he approached the vehicle," which thus fatally undercut Plaintiff's claim that he was targeted due to his race. (*Id.* at 21-22.)

Lastly, the Magistrate Judge suggested dismissing Plaintiff's state law claims. For negligence and gross negligence, the Magistrate Judge explained Plaintiff offered no evidence of any breach of duty that Defendants owed him. (*Id.* at 24.) Relatedly, Plaintiff did "not allege that Defendants acted outside the scope of their duties," therefore barring Plaintiff's negligence claims under the South Carolina Tort Claims Act. (*Id.* at 24-25.) For intentional infliction of emotional distress, the Magistrate Judge found "there [wa]s simply no evidence that Defendants acted to intentionally harm Plaintiff or with reckless disregard." (*Id.* at 26 (internal marks and citation omitted).) And regarding defamation, the Magistrate Judge concluded Plaintiff had "put forth no admissible evidence in support" of this claim "beyond Plaintiff's unsubstantiated assertions[.]" (*Id.* at 28.)

B.     Plaintiff's Objections

In his Objections, Plaintiff outlines a narrative of informative background on his case and other matters. (*See* ECF No. 68.) Regarding his claims, Plaintiff again states that Defendants activated the blue emergency lights on their vehicle when approaching him. (*Id.* at 3.) Plaintiff also contends Defendants altered their stories as to why they initially approached Plaintiff. (*Id.* at 5.) Plaintiff repeats his assertion that he was targeted because of his race and California license plate, and stresses that he should not be discriminated against simply because he was "a Californian in South Carolina." (*Id.* at 4, 6.)

6

C.   The Court's Review

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, the court finds Plaintiff's Objections are either non-specific, rehash previous arguments that the Magistrate Judge properly considered and addressed, or do not otherwise dispute the Report's findings. For instance, the fact Plaintiff generally believes the Magistrate Judge erred does not amount to a specific objection to any particular portion of the Report. (ECF No. 68 at 2.) Likewise, Plaintiff reuses his prior arguments that Defendants activated their emergency lights on their initial approach, Defendants altered their stories regarding the stop, and Plaintiff was targeted due to his race and license plate. (ECF Nos. 30 at 1, 4; 55 at 3-5.) Yet as outlined *supra*, the Magistrate Judge sufficiently addressed these contentions. (*See* ECF No. 63 at 13-14, 21-22.) Plaintiff does not otherwise offer adequately specified objections to the Report, and it appears Plaintiff does not contest the findings surrounding any of his state law claims. The court otherwise finds no clear error on the face of the record. While the court is sympathetic to Plaintiff's struggles, it is bound by precedent within the Fourth Circuit and South Carolina. Plaintiff's Objections are therefore overruled.

V.   **CONCLUSION**

For the reasons set forth above, the court **GRANTS** Defendants' Motion for Summary Judgment. (ECF No. 49.) The court **ACCEPTS** the Magistrate Judge's Report and

7

Recommendation (ECF No. 63) and incorporates it herein by reference. Lastly, the court **DENIES AS MOOT** Defendants' Motion to be Excused from Mediation. (ECF No. 58.)

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 15, 2021
Columbia, South Carolina