IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jerome Garcia, | ) | |
| | ) | Civil Action No.: 3:19-cv-01934-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Danny Brown and Addy Perez, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jerome Garcia, proceeding *pro se*, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Garcia alleged that Defendants Danny Brown and Addy Perez (together "Defendants"), both of whom are deputies with the Richland County Sheriff's Department, violated Garcia's constitutional rights and state law during a traffic stop and vehicle search in December 2017. (*Id.* at 7–8.) On January 15, 2021, the court granted Defendants' Motion for Summary Judgment as to Garcia's claims and entered Judgment for Defendants. (*See* ECF Nos. 74 at 7–8, 75.)

This matter is before the court on Garcia's "Motion, Extrinsic Fraud Upon the Court Affidavit of Facts" (ECF No. 77) in which he makes a number of unsubstantiated assertions to include that he needs "an impartial judge who[']s allegiance is to the [C]onstitution, and [B]ill of [R]ights, not some political pawn using this elected position to further her standing in a political arena." (*Id.* at 5 ¶ 17.)

Under 28 U.S.C. § 455(a), a federal judge must "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." However, recusal is unwarranted when an allegation of impartiality is "unsupported, irrational, or highly tenuous speculation." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *United States v. DeTemple*, 162 F.3d

279, 287 (4th Cir. 1998)).  Section 455(b) further provides specific circumstances where recusal is mandated, including "[w]here [s]he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(b)(1).  *See also Liteky v. United States*, 510 U.S. 540, 567 (1994).  A party must provide compelling evidence to show bias or prejudice stemming from "an extra judicial source . . . other than what the judge learned from [her] participation in the case."  *United States v. Grinnel Corp.*, 384 U.S. 563, 583 (1966).

Upon its review, the court finds that Garcia fails to proffer any compelling evidence to proving bias or prejudice by the undersigned and his assertions demonstrate that his disagreement is mostly with prior unfavorable rulings.  *See Grinnel Corp.*, 384 U.S. at 583; *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) ("[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor.").  To this point, the court finds that Garcia's Motion is **DENIED AS MOOT** because the matter has been closed since January 15, 2021, and there are no pending matters requiring the case's reactivation on the docket.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 2, 2021
Columbia, South Carolina